# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 15-50284
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2015

Lyle W. Cayce
Clerk

————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TOMAS ALEJANDRO URIBES-GUARDIOLA, also known as Juan Cervano Padilla,

Defendant-Appellant

_____

Cons. w/No. 15-50287

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TOMAS ALEJANDRO URIBES-GUARDIOLA,

Defendant-Appellant

————————————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-1361-1
USDC No. 2:14-CR-1245-1

————————————

No. 15-50284
c/w No. 15-50287

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Tomas Alejandro Uribes-Guardiola pleaded guilty to illegal reentry and received a within-guidelines sentence of 35 months of imprisonment and a three-year term of supervised release. In addition, his supervised release term for a previous illegal-reentry conviction was revoked, and he received a within-guidelines sentence of 12 months of imprisonment to be served consecutively. Uribes-Guardiola has timely appealed each case, and the cases have been consolidated on appeal.

Uribes-Guardiola contends that his combined sentence is longer than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a) and is therefore substantively unreasonable. He argues that his sentence is too long for an offense that he contends amounts to an international trespass because U.S.S.G. § 2L1.2, the illegal-reentry Guideline, lacks an empirical basis and gives too much weight to prior convictions rather than the offense conduct. He asserts that permitting the court to rely on a remote conviction that did receive criminal history points to "impose a dramatically higher sentence" for illegal reentry "undermines respect for the law and results in greater punishment than is just." He also argues that his sentence fails to reflect his personal history and characteristics, including his motive for returning to the United States, which he contends "mitigates the seriousness of the offense."

This court assesses the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court must make an individualized assessment based on the facts of the case in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

light of § 3553(a) and impose a sentence sufficient, but not greater than necessary, to comply with the goals of § 3553(a)(2).    *Id.* at 49-50. "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable."    *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).

As Uribes-Guardiola recognizes, his argument that we should not apply the reasonableness presumption because § 2L1.2 lacks an empirical basis is foreclosed by this court's precedent, *see United States v. Mondragon-Santiago*, 564 F.3d 357, 366 (5th Cir. 2009), but he raises the issue to preserve it for further appeal.    We have also previously rejected arguments that the Guidelines overstate the seriousness of illegal reentry because it is simply a non-violent international trespass that is treated too harshly under § 2L1.2. *United States v. Aguirre-Villa*, 460 F.3d 681, 682-83 (5th Cir. 2006).

Furthermore, as to his contention challenging "whether the measure of the seriousness of the offense itself should be driven by a prior conviction that is excluded from the measure of the seriousness of his criminal history," the Guidelines expressly contemplate such a scenario.    Section 2L1.2 instructs that, when the defendant previously was deported after certain types of convictions, the court should "increase by 16 levels if the conviction receives criminal history points . . . or by 12 levels if the conviction does not receive criminal history points."    § 2L1.2(b)(1)(A).    Insofar as he is arguing that the 12-level increase has resulted in a sentence that is unjust, Uribes-Guardiola has not identified any authority to overturn the presumption of reasonableness that applies to his within-guidelines sentence.    *See United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009).

The district court in this case considered Uribes-Guardiola's arguments, concluded that the applicable guidelines ranges were reasonable, and imposed

No. 15-50284
c/w No. 15-50287

sentences within those ranges. Uribes-Guardiola's contention that his total sentence does not reflect his personal history and characteristics does not establish that his combined sentence fails to account for a § 3553(a) factor, "gives significant weight to an irrelevant or improper factor, or [ ] represents a clear error of judgment in balancing [the] factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). The district court was in a superior position to find facts and assess their import under § 3553(a), and this court will not, as Uribes-Guardiola seems to urge, reweigh the district court's assessment of the § 3553(a) factors. *See Gall*, 552 U.S. at 51-52; *Campos-Maldonado*, 531 F.3d at 339. Uribes-Guardiola's assertions are insufficient to rebut the presumption of reasonableness. *See Duarte*, 569 F.3d at 529-30; *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

Accordingly, the judgments of the district court are AFFIRMED.